JAMES A. HIBBARD *et al.*, Plaintiffs in Error, *v.* JAMES McKINDLEY *et al.*, Defendants in Error.

### ERROR TO COOK.

In an action on a penal bond, in this State, the breaches are to be assigned in the declaration ; and as many breaches may be assigned in one count as the necessity of the case requires ; or breaches may be assigned by as many counts as is requisite ; in the former case, each breach answers the place of a count, and is subject to a demurrer, which may be sustained as to some, and overruled as to others, as if the breaches were stated in separate counts.

If there are several defendants, jointly, or jointly and severally liable, an averment that the " said defendants have not paid," is sufficient ; a performance by one is a performance by all.

Where the general breach is considered as a continuance of the special breaches, a defective averment as to non-payment may be cured by it.

If the name of " John " is used three or four times in the bond as one of the obligees, the use of the name " James " in the latter part of the condition of the bond, will not be fatal, if the context shows that " James " was inserted by mistake.

A statutory bond, the form of which is prescribed, will be construed to have the effect given to it by the statute ; and an injunction bond includes the right of recovery for costs, if such are in terms awarded against the complainant on the dissolution of the injunction.

The condition of an injunction bond in reference to damages, authorizes a recovery whether the damages are awarded on the dissolution or afterwards, or in a different proceeding.

The bond is designed to indemnify against immediate and actual loss; but not remote injuries; such as slander to credit, resulting from the injunction.

THE plaintiffs in error commenced a suit against the defendants in error in the Circuit Court of Cook county, on the 27th of April, 1860, upon an injunction bond.

The defendant demurred to the declaration; after the argument, a *nolle prosequi* was entered by plaintiffs as to the first count, and the court sustained the general demurrer to the second count, whereupon judgment was rendered against the plaintiffs for costs, at the March term, 1861, by MANIERRE, Judge.

The commencement and second count of the declaration is as follows, to wit:

James A. Hibbard, Charles Miner, Robert S. Randall and John H. Sherwood, plaintiffs, who sue for the use of James A. Hibbard and Charles Miner, complain of James McKindley, William McKindley and Ira J. Nichols, defendants, summoned to answer the said plaintiffs in a plea wherefore they owe to and unjustly detain from the plaintiffs the sum of one thousand dollars.

And for that whereas, also, heretofore, to wit, on the 10th day of October, A. D. 1859, at and within the county of Cook and State of Illinois, in the Circuit Court, on the chancery side thereof, the said defendant, James McKindley, having filed his bill of complaint against the plaintiffs, praying for discovery and an injunction against them to restrain them from doing certain acts therein mentioned, and having caused the said writ of injunction to issue upon the order of the master in chancery of said court from the office of the clerk of said court, to the sheriff of McDonough county, which was served on all the plaintiffs except John H. Sherwood, and returned into court; and afterwards, to wit, on the 16th day of November, A. D. 1859, the said Circuit Court, upon the motion of the said plaintiffs, James A. Hibbard and Charles Miner, having adjudged the bond filed under the order of the master in chancery, before the issuance of the writ, to be insufficient, and required the said defendant, James McKindley, to give and file a sufficient bond;—afterwards, to wit, on the

16th day of November, A. D. 1860, at and within the county of Cook aforesaid, the said defendants made their certain other writing obligatory, sealed with their several seals (and now to the court here shown,) bearing date on the 10th day of October, A. D. 1859, and then and there and thereby acknowledged themselves held and firmly bound unto the said plaintiffs, in the sum of one thousand dollars, to be paid to the plaintiffs, their executors, administrators or assigns, for which payment well and truly to be made, the defendants bound themselves, jointly and severally, and their respective heirs, executors and administrators, firmly by their said writing obligatory, with a certain condition thereunder written as follows, to wit:

Whereas, the above named James McKindley has filed his bill of complaint in the Cook Circuit Court against the above named John H. Sherwood, Robert S. Randall, James A. Hibbard and Charles Miner, praying, among other things, for an injunction to restrain the said defendants therein named, from certain acts and things in the said bill of complaint mentioned; and whereas, the Honorable George Manierre, Judge of the said Circuit Court of said county, has allowed the injunction for that purpose, according to the prayer of said bill, upon the said complainant giving the security required by him in such case.

Now, therefore, the condition of the above obligation is such, that if the above bondmen, James McKindley, William McKindley, and Ira J. Nichols, their heirs, executors or administrators, or any of them, shall well and duly pay or cause to be paid to the said John H. Sherwood, Robert S. Randall, James A. Hibbard and Charles Miner, their executors, administrators or assigns, all such costs and damages as shall be awarded against the said complainant, in case the said injunction shall be dissolved, then the above obligation to be void, otherwise to remain in full force and virtue."

Which said writing obligatory was, on a certain day, to wit, on the 16th November, A. D. 1859, in pursuance of the order of said Circuit Court, filed in said court, and became and was in full force and effect, for the benefit and security of the plaintiffs;

and afterwards such proceedings were had in said cause, in and by the Circuit Court aforesaid, that on the 22nd day of November, A. D. 1859, at and during a term of said Circuit Court, then and there holden, the said injunction was, by the order and decree of said court, dissolved upon the motion of the plaintiffs, James A. Hibbard and Charles Miner, on the bill and the answers of the said Hibbard and Miner; and afterwards, to wit, on the 26th day of March, A. D. 1860, at and during a term of said Circuit Court, the said bill of complaint was dismissed at the cost of the complainant therein, James McKindley, aforesaid.

1. And the said plaintiffs aver, that the said James A. Hibbard and Charles Miner, were put to great trouble and expense, in employing solicitors and defending against said bill of complaint, and that they, said plaintiffs, James A. Hibbard and Charles Miner, paid to solicitors, and for costs and expenses in and about the defense of said suit, a large sum of money, to wit, the sum of two hundred dollars, which said sum is due and wholly unpaid, and the said defendants have failed and neglected to pay to the plaintiffs, or any of them, or to any person for them, the said sum of money so expended, or any part thereof.

2. And for a further breach the plaintiffs aver, that the said plaintiffs, James A. Hibbard and Charles Miner, at the time of the suing out and service of said writ of injunction, were doing business as merchants, under the name and style of J. A. Hibbard & Co., at Bushnell, in the county of McDonough, and State of Illinois, and were as such then and there the owners of a stock of merchandise, to wit, of the value of two thousand dollars, and were paying for rent of store room and expenses of conducting the business, a large sum of money, to wit, the sum of one hundred dollars per month, and as such were then and there doing a profitable business, and realizing as profits therefrom a large sum of money, to wit, the sum of one hundred dollars per month, and the said plaintiffs, James A. Hibbard and Charles Miner, were then and there prohibited by the said writ of injunction from selling or disposing of their goods, or any part thereof, or from transacting any business

whatever with reference thereto, whereby the said Hibbard and Miner were then and there compelled and forced by said writ to lose the profits arising from their said business, and to pay the said expenses, and in so doing they, the said Hibbard and Miner, suffered damages in a large sum of money, to wit, in the sum of three hundred dollars, which said sum the said defendants have not paid, or any part thereof.

3. And for further breach the said plaintiffs aver, that the said Hibbard and Miner, before and at the time of the service of said writ, were doing a profitable business as merchants, aforesaid, at Bushnell, aforesaid, and had good credit and the confidence of the community, and upon the service of said writ and the stoppage of their business as aforesaid, they, the said Hibbard and Miner, were greatly injured in their business, good name, and credit, by means of the charges in said bill of complaint, and the service of said writ, and then and there suffered damages in a sum of money, to wit, the sum of five hundred dollars, which said sum of money has not been paid by the said defendants, or any part thereof.

4. And for further breach the said plaintiffs aver, that a large amount of costs were awarded against the complainant in said suit, namely, the defendant, James McKindley, to wit, the sum of fifty dollars, and that the defendants have not paid the same, or any part thereof.

5. And for further breach the said plaintiffs aver, that the said James A. Hibbard and Charles Miner, by reason of the wrongful suing out of said writ of injunction, then and there suffered a large amount of damages, to wit, in the sum of five hundred dollars, and that the said defendants have not paid the same, or any part thereof.

And the said plaintiffs aver, that by means of the breaches aforesaid, an action hath accrued unto the said plaintiffs to have and demand of the said defendants the said sum of one thousand dollars above demanded, yet the said defendants have not paid, or caused to be paid, unto the plaintiffs, or either of them, the said sum of one thousand dollars, or any part of the said sum above demanded, but on the contrary have wholly neglected and refused so to do, and still do neglect and

refuse, to the damage of the plaintiffs in the sum of one thousand dollars, and therefore they sue for the use of the said James A. Hibbard and Charles Miner, etc.

The defendants filed a special demurrer to each of the five several breaches assigned by the plaintiffs in their said second count, and set forth substantially the following causes of demurrer, to the first breach assigned by plaintiffs in the said second count, to wit:

1. That it did not appear by the first assignment of a breach of the condition of said bond, that defendants had been guilty of any breaches of the condition of said bond, nor did it thereby appear that defendants had broken the condition of said bond in any manner whatever.

2. That it did not appear by said assignment, etc., that any costs and damages were or had been awarded on the dissolution of said injunction, or at any other time, against the said James McKindley, the complainant in said injunction suit.

3. That by statute said James McKindley was not required to file a bond in said injunction suit.

4. That it does not appear by said assignment, etc., that the said defendants, or the said complainant in said injunction suit, have failed to pay all such costs and damages, or any costs or damages, or any costs, or any damages that have been awarded to the said plaintiffs, or either of them.

5. That the matters assigned as a breach of the condition of said bond, are outside of the condition of the said bond, and constitute no breach of the same.

6. That said bond is not conditioned to pay any of the sums of money, the failure to pay which, is assigned as a breach to the condition of said bond.

7. That said bond is conditioned for the payment, by the said James McKindley, of all such costs and damages as shall be awarded, etc., and it does not appear that he has failed to pay all such costs and damages as were awarded.

8. That it does not appear by said assignment, etc., that said plaintiffs have suffered any joint damage, nor have any costs been awarded to said plaintiffs jointly, and therefore they show no breach of the conditions of said bond.

9. That said court had no authority to award any damages, and did not award any damages on the dissolution of said injunction.

10. No forfeiture is alleged.

12. That it does not appear by said second count, and said first breach, that any summons was issued or served, nor how long said plaintiffs were enjoined in said injunction suit, nor when said writ of injunction was served, and that said assignment is in other respects uncertain, informal and insufficient.

The defendants set forth the same causes of demurrer to the second breach assigned by plaintiffs in their second count, as to the first breach.

They also set forth the same causes of demurrer to the third breach, assigned as to the first, and the following additional causes:

That said plaintiffs, by said third breach, claim remote and consequential damages.

That plaintiffs set forth as a breach of the condition of said bond, the failure to pay damages for injury to their good name, credit and business, in consequence of the charges in said bill of complaint, filed in said injunction suit.

To the fourth breach assigned, the defendants set forth the following causes of demurrer:

1. That the statute required no bond to be filed, and the court had no authority to require the complainant in said injunction suit to file a bond.

2. That said bond was conditioned, that if said James McKindley, William McKindley and Ira J. Nichols should pay all such costs and damages as should be awarded against the said complainant, said bond to be void, etc., and that by said assignment said plaintiffs do not allege or show, that not any of said obligors in said bond have paid all such costs and damages as were or have been awarded, etc.

3. That the court, in said injunction suit, had no authority to award damages, nor does it appear that said court did award any damages, and therefore there is no breach assigned.

4. No allegation of the forfeiture of said bond.

5. That it does not appear by said second count and assign-

ment, that any summons was issued in said injunction suit, nor when said injunction writ was served, nor when, or how long, said plaintiffs were enjoined by said writ, and that said assignment is in other respects uncertain, informal and insufficient.

To the fifth breach assigned, the defendants set forth the same causes of demurrer as to the first breach assigned, with the following additional causes :

11. That the said plaintiffs do not in their said fifth assignment, etc., set forth or specify any particular breach of the condition of said bond.

12. That it does not appear by said fifth assignment, etc., of plaintiffs, how any damages have been sustained by them.

15. That it does not appear by said fifth assignment, etc., and said second count, that any summons was issued in said injunction suit, nor when said writ of injunction was served, nor how long said plaintiffs were enjoined.

16. That it does not appear by said second count, and fifth assignment, etc., that plaintiffs have suffered any joint damage, nor that any costs have been awarded to plaintiffs jointly.

The following judgment was rendered by the Circuit Court :

This day again come the said parties by their attorneys. Whereupon the said plaintiffs by their said attorneys, now here in open court, freely say, that they will no further prosecute their said suit against the said defendants for the said breaches in the first count of their said declaration mentioned, and thereupon all and singular the premises being seen, and now fully understood, for that inasmuch as it appears to the court that the said second count of the said declaration of said plaintiffs, in manner and form, and the matters therein contained, are insufficient in law for them to have and maintain their aforesaid action in that behalf, against the said defendants, and the said plaintiffs electing to stand by their said second count of their said declaration ;

Therefore, it is considered that the said plaintiffs take nothing by their said declaration. And it is further considered by the court, that the said defendants do have and recover of the said plaintiffs their costs and charges, by them about their defense in that behalf expended, and have execution

therefor; to which judgment and decision of the court the said plaintiffs except.

There was a controversy between the attorneys of the respective parties, in reference to amendments to the declaration; but that controversy is not considered in the opinion, which proceeds upon the declaration as it originally stood.

W. C. Goudy, for Plaintiffs in Error.

Without regard to the alterations or the decision of the court on the demurrer to the breaches claiming damages suffered by the writ of injunction, the decision of the court was erroneous, and the judgment below must be reversed.

The declaration with the fourth breach is not subject to any of the objections alleged.

The declaration first sets out an injunction bond, executed and sealed by the defendants to the plaintiffs in the penal sum of $1,000, with a condition reciting the circumstances in which the bond was given, and then providing "that if the above bondmen, James McKindley, William McKindley and Ira J. Nichols, their heirs, etc., shall well and duly pay or cause to be paid to the said James (or John, it is immaterial which) H. Sherwood, Robert S. Randall, James A. Hibbard and Charles Miner, their executors, etc., all such costs and damages as shall be awarded against the said complainant, in case the said injunction shall be dissolved, then the above obligation to be void."

The declaration avers that the injunction was dissolved and the bill dismissed at the cost of the complainant, James McKindley.

The fourth breach avers, " that a large amount of costs were awarded against the complainant in said suit, namely, the defendant, James McKindley, to wit, the sum of fifty dollars, and that the defendants have not paid the same or any part thereof."

This makes a complete cause of action. The penalty was payable to the plaintiffs, and the right of action to accrue when the condition was broken. The condition, among other things, was to pay the costs awarded on the dissolution of the

injunction to certain persons named, it is immaterial whether plaintiffs or third persons, and the averment is made that the contingency arose, the condition was broken, and the costs were not paid at all by the defendants, to any person whatever.

The demurrer to this breach ought to have been overruled, and for that reason, at least, the judgment below must be reversed.

Each breach is in the nature of a count, and in this case there was a general demurrer to each breach, each of which was sustained.

1. The 1st, 2nd, 3rd and 5th breaches all aver injury and damages suffered by Hibbard and Miner, two of the plaintiffs, while the action is in the name of all the obligees, four in number.

2. These breaches all claim damages suffered by the wrongful suing out of the injunction, and which were not awarded on the dissolution of the injunction, or in any intervening suit.

The first breach was to recover solicitors' fees, costs and expenses paid to defend the injunction suit by Hibbard and Miner.

The second breach was to recover damages suffered by the closing of the store of Hibbard and Miner, in obedience to the writ of injunction, to wit, rent of store room and expenses, and profits.

The third breach was to recover damages for the loss of credit, and injury done to the business of Hibbard and Miner.

The fifth breach averred damages suffered generally by Hibbard and Miner.

The bill in chancery, wherein the bond was filed, was to enforce a judgment at law against Sherwood and Randall, out of goods owned by Hibbard and Miner, on the ground that Sherwood and Randall had fraudulently sold to Hibbard and Miner.

The action would lie to recover damages not awarded on¹ the dissolution of the injunction or in any intervening suit.

17

It has been expressly decided by this court, that the non-payment of damages occasioned by the wrongful suing out of an attachment, having exactly the same condition, is a breach of the condition to pay the damages awarded, and that no awarding is required before the suit on the bond. *Churchill* v. *Abraham*, 22 Ill. 455.

Again, in a case precisely like this, suit was brought on an injunction suit, where the bill had been dismissed at complainant's costs without an award of damages, with a condition "to pay all such damages as shall be awarded," this court held that solicitors' fees and expenses of defense could be recovered. The bond was also a voluntary one, and not in compliance with law. *Ryan et al.* v. *Anderson*, 25 Ill. 372.

This doctrine has been expressly held elsewhere, where the point was expressly made, that the damages must first be awarded. *Roberts et al.* v. *Dust*, 4 Ohio S. R. 502.

The action in the name of the four plaintiffs will lie to recover damages suffered by two of them.

This is not an action of covenant on the condition; if it was, then those injured should sue. It is an action of debt for the penalty. The damages are limited to such as are suffered. If the condition is broken in any part or in any respect, the penalty is forfeited, and an action lies to recover it in the name of all the obligees, and it could not be brought in the name of a part of them. 1 Chitty, 9, 10; *Richardson* v. *Jones*, 1 Iredell, 296.

A penalty of a bond being joint, a joint action may be maintained in the name of all the obligees on the same, although the condition may require different amounts paid to each. Jacob Keller, one of the plaintiffs, had no interest in the amount sought to be recovered.

A several action might be maintained on the condition for the amount due to each, but this does not preclude the right to the joint action in the name of all on the penal undertaking to all. *Lillard's Ex'r* v. *Lillard's Ex'r*, 5 B. Mon. 340.

D. C. AND I. J. NICHOLS, for Defendant in Error.

The breaches assigned do not show a failure to pay, etc.,

*James H. Sherwood,* Randall, Hibbard and Miner, the parties named in the condition of the bond, but they show a failure to pay *John H. Sherwood,* Randall, Hibbard and Miner, not named in the condition of the bond.

The bond is conditioned, if the said obligors, or any of them shall pay, etc.

The breaches do not show that not any of the obligors have paid, etc.

The bond is conditioned to pay all such costs and damages as shall be awarded against the complainant in the injunction suit.

The breaches do not show that any costs and damages have been awarded against the complainant in the injunction suit.

The breaches assigned are outside of the condition of the bond.

Where the statute requires a bond and prescribes the form of the condition, it will be construed to have the effect ascribed to it by the statute, as the statute enters into and forms, in legal contemplation, a part of the bond. *Love* v. *Fairfield,* 5 Gilm. 303 ; *Churchill* v. *Abraham,* 22 Ill. 455.

But in the construction of bonds not statutory, the liability of sureties is not to be extended by implication beyond the terms of the condition. *Sharp* v. *Bedell,* 5 Gilm. 88 ;. *Young* v. *Mason,* 3 Gilm. 55; 1 Gilm. 530; 14 Ill. 72; 11 Ill. 419.

It cannot be claimed that the breaches of the condition of the bond have been assigned in terms, but it is sought to extend the liability of defendants by implication, which is contrary to the rule established by the cases above referred to.

The general doctrine on this subject being that statutory bonds will receive such a construction as will effectuate the legislative intention, while bonds not statutory in a court of law will be construed according to the terms of their conditions, and the liabilities of the sureties will not be extended by implication. 3 Scam. 123; 15 Peters, 209 ; 9 Wheaton, 680 ; 1 Gilm. 409 ; 2 Gilm. 638; 1 Gilm. 530 ; 5 Gilm. 303; 5 Gilm. 88 ; 3 Gilm. 55 ; 14 Ill. 72; 11 Ill. 419 ; 22 Ill. 455.

By the fourth breach, plaintiffs aver that a large amount of costs were awarded againrt complainant, to wit, fifty dollars, and that defendants have not paid the same; but the bond is conditioned, if the defendants or any of them shall pay, etc., bond to be void, etc. ; and the plaintiffs in said fourth breach, do not allege that not any of the defendants have paid, etc. ; although the joint obligors may not have paid costs, etc., yet some one of them may have paid the costs, etc. The condition of the bond is in the alternative, and the breach should follow the condition.

The bond was conditioned to pay to James H. Sherwood *et al.*, but John H. Sherwood *et al.* bring the suit.

The fourth breach does not show what costs were awarded —nor whether the costs awarded were costs in the injunction suit—nor whether the plaintiffs in this suit have any right to the same—nor when costs were awarded—nor whether the costs were awarded before or since the commencement of this suit.

This breach is in several respects uncertain and insufficient. It is a general rule of pleading in personal actions, that the time of every traversable fact must be stated, to promote certainty ; and this is especially necessary in the declaration, for the additional reason, that the cause of action must always appear, by the plaintiff's own showing, to have accrued before the commencement of the suit. Gould's Pleadings, chap. 3, sec. 63; 1 Chit. Pl. 227.

The awarding of costs is a traversable fact, yet no time is stated when said costs were awarded.

Where the cause of action depends upon an uncertain event, the declaration is defective unless it avers the happening of such event. *Williams* v. *Smith*, 3 Scam. 524; *Hart* v. *Tolman*, 1 Gilm. 1.

The awarding of damages against complainant in the injunction suit, was an uncertain event, and the failure to pay *James H. Sherwood et al.*, costs and damages awarded against said complainant, was an uncertain event, and there is no averment in the breaches, that either of said events had happened, and in this respect the breaches assigned were de-

fective. *Nelson* v. *Bostwick*, 5 Hill, 40, 41; *Brown* v. *Stebbins*, 4 Hill, 154.

The record in this case shows that this suit was commenced April 27, 1860. But the plaintiffs in their second count, after having stated that the first bond given in said injunction suit was adjudged insufficient, and the complainant was ordered to give and file a sufficient bond, state as follows, to wit:

"Afterwards, to wit, on the 16th day of November, A. D. 1860, at and within the county of Cook aforesaid, the said defendants made their other writing obligatory, sealed with their seals, and now to the court here shown, etc.," thereby showing that the suit was commenced before the cause of action accrued, the plaintiffs basing their second count, which is the only count on the record, upon the second bond, which they allege was made in November, 1860, after the suit was commenced, and the subsequent allegation that the bond bore date prior to the commencement of the suit, does not remove the difficulty, for it might have been ante-dated; neither does the subsequent statement that the bond was filed on a day prior to the commencement of the suit, aid them, for the dates of the making and filing are inconsistent. Chit. Pl. 259, 260; 1 Caines, 69; 3 Johns. 52; 10 Johns. 119; Doug. 61; *Walker* v. *Welch*, 13 Ill. 675.

WALKER, J. Was the declaration, as originally filed, and previous to its amendment, sufficient to warrant a recovery? Under our practice, the plaintiff, in an action on a penal bond, is required to assign the breaches in his declaration, and not upon the record, as required by the ancient English practice. According to the rules of pleading, the plaintiff may assign as many breaches as he deems necessary, on a penal bond, in one count, or he may file as many counts as there are breaches of the bond. When the former course is adopted, each breach answers the place of a separate count. The commencement, the general breach, and conclusion, are all to be considered in reference to each special breach, as though it formed the only breach in the count. And as a further consequence, each breach is subject to a demurrer, precisely as is each several count in the declaration. And it may be sustained to several

and awarded to others, in the same manner that it may to several counts in the same declaration.

To each of the five breaches in the declaration, in this case, there was a several demurrer, and on which special grounds were assigned. One of the grounds to a portion of these assignments was, that they fail to aver that the defendants had failed to pay the sum of money claimed in the breach. It is urged, that, to have been formal, they should have averred that defendants, nor either of them, had paid the money to plaintiffs. It is obvious, that where a number of persons are jointly, or jointly and severally, bound for the performance of an act, its performance by one of them is a performance by all, and no other construction can be given to the language of the breaches. Had it appeared upon the trial, that either of the defendants had paid the money demanded, it would have undeniably defeated a recovery. This part of the breach is is not obnoxious to the special demurrer. The other averment that the defendants "had not paid the money" demanded, is, perhaps, insufficient of itself, but the general breach contains a full formal averment that the defendants had not paid the money, or any part thereof, to the plaintiffs, or to either of them. When the general breach is considered as a continuation of the special breach, it renders them technically formal and precisely accurate, and renders them unobjectionable.

It is further insisted, that when the plaintiffs aver a failure to pay John H. Sherwood, James A. Hibbard and Robert S. Randall, there is no breach shown, as the agreement was to pay *James* H. Sherwood and the others. The body of the bond is payable to John and the other persons. The condition recites, that the injunction was sued out against John H. Sherwood and the other persons named. But in the latter part of the condition his name is written *James*. It having been three times previously written "John," there can be no question, from the instrument itself, that John H. Sherwood was the obligee. And where reference is made to the "said James H. Sherwood," there can be no room to doubt that John is the person intended. It is perfectly apparent that such was the design. We have to resort to the whole instru-

ment to ascertain the intention of the parties, and no other can be gathered from this bond and condition. The name "James," where it appears in the condition of the bond, should therefore be disregarded, as inoperative and repugnant to the other portions of the bond, and thereby give effect to the intention of the parties, otherwise so clearly manifested.

The other grounds of demurrer urged upon the argument are general, although assigned as special causes. It is insisted, that the bond is conditioned to pay all such costs and damages as shall be awarded against the obligors, and that the breaches fail to aver that any damages were awarded on the dismissal of the bill and dissolution of the injunction. It is manifest that a statutory bond, where the form is prescribed, and it is observed, will be construed to have the effect given by the statute, as it enters into and forms a part of the instrument. *Love* v. *Fairfield*, 5 Gilm. 303; *Churchill* v. *Abraham*, 22 Ill. 455. But when the bond is a common law instrument, the liability of the obligors is limited by the terms of the condition. The condition is the limit of their liability. These breaches are not all assigned in the terms of condition, but it is insisted that they are according to the legal effect. The fourth breach avers, that a large amount of costs were awarded against McKindley, "to wit, the sum of fifty dollars," and defendants have not paid it. This breach is in the precise terms of the condition. When the bill was dismissed at complainant's costs, they were in terms awarded against him.

There is no averment in the first breach, that solicitors' fees were awarded to plaintiffs. Nor in the second, that damages were awarded for the loss of rents and profits, on the dissolution of the injunction. Nor in the third, that damages were awarded for damages occasioned by a loss of credit, produced by the wrongful suing out of the injunction. Nor in the fifth, that any amount was awarded for damages for the wrongful suing out of the injunction. This presents the question, whether the condition of the bond authorizes a recovery, unless the damages are awarded at the time the injunction is dissolved. The condition is "to pay" all such costs and damages as shall be awarded against complainant,

in case "the said injunction shall be dissolved." It will be observed, that it is not the damages and costs to be awarded on the dissolution. If such were its terms, then it might possibly confine the liability to the damages and costs then found and ascertained by the decree. But in this condition it is the costs and damages that shall be awarded in case the injunction is dissolved.

This condition does not provide, that the damages shall be awarded at the time of the dissolution of the injunction. It only provides, that if the worst shall happen, the obligors shall pay such damages as shall be awarded, and whether they shall be awarded at that or a future period, in that or a different proceeding, makes no difference. A recovery in an action upon the bond, would be an award of damages within the condition. Nor was it necessary that a separate recovery should be had against the complainant, before the liability attached against the securities. When a judgment is recovered against him and the other obligors, the condition is answered, as the damages are then awarded against him. The first, second and fourth breaches were also well assigned.

The third and fifth breaches, however, were obnoxious to a demurrer. The third claims damages for a slander of the firm, or rather for an injury to its credit, by suing out the writ of injunction. The damages, if any, resulting from that cause are too remote to be included in a recovery on this bond. The object of the bond is to indemnify the defendant against immediate and actual loss. The fifth breach is too general and indefinite. It avers no fact constituting the breach, but simply the wrongful suing out of the writ. The demurrer was properly sustained to the third and fifth breaches, but should have been overruled as to the others, as they were sufficient without any amendment.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*