# JAMES MIX

*v.*

# A. S. VAIL *et al.*

1. INJUNCTION BOND — *damages must be assessed before suit thereon.* No action can be maintained on an injunction bond given before July 1, 1874, unless the damages are assessed in the injunction suit at the time of the dissolution of the injunction, or before that suit is finally disposed of.

2. SAME — *effect of stipulation as to damages.* Where an injunction was dissolved in vacation, and the bill dismissed under a stipulation that the dismissal and an appeal which was taken should in nowise affect the right of the defendants to have their damages assessed for wrongfully suing out the injunction, in case of affirmance, and the final decree gave the defendants leave to file a suggestion of damages within ten days, it was *held*, that this did not dispense with the necessity of having the damages assessed in the chancery suit and authorize them to be assessed in a suit upon the injunction bond.

3. SAME — *stipulation changing surety's liability.* The parties to an injunction suit can not, by stipulation, vary or extend the liability of the sureties in the injunction bond, as, by agreeing that damages may be assessed in a suit upon the bond, for the first time.

4. SAME — *construed by law in force when given.* An injunction bond must be construed with reference to the statute in force when it was executed, and the construction given to the statute by this court; such law and construction enter into, and form a part of, the undertaking. The liability cannot be changed by the passage of a statute which takes effect after the execution of the bond.

5. STATUTE — *does not affect rights till it takes effect.* A statute passed before the execution of a contract or injunction bond, but which does not take effect until afterwards, is, as to such contract, no statute, and can have no effect on the contract or bond.

APPEAL from the Circuit Court of Kankakee County; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

This was a suit upon an injunction bond given by the ap-

pellees, Vail, Brown, Van Kirk, Williams, Lynds, and Singleton, to the appellant, Mix. The injunction was sued out by four of the appellees, Vail, Brown, Van Kirk and Lynds, June 26, 1874, in the Kankakee circuit court, against appellant, Mix, restraining him from repairing a mill-dam across the Kankakee River. The injunction bond was given on that same day, the condition being that the obligors should pay to the said Mix " all such costs and damages as shall be awarded against the said complainants in case the said injunction shall be dissolved."

On July 16, 1874, in vacation, the injunction was dissolved and the bill dismissed; from which decree an appeal was taken to this court, and at its September term, 1874, the decree of the circuit court was affirmed.

This suit on the injunction bond was brought April 26, 1875.

The declaration does not aver that any damages had ever been awarded, but sets out a written stipulation entered into by the parties at the hearing (which is hereafter set out in the plea), and assigns various breaches — claiming for solicitor's fees, damages the dam and mill sustained, damages to appellant's business, costs of court, and general damages. A *nolle prosequi* was afterward entered to the breach as to costs, which appellant's counsel admits to have been paid, leaving damages only, exclusive of costs, involved; to all the other breaches the defendants filed a special plea, which sets out at length the final decree of the circuit court dissolving the injunction and dismissing the bill. The decree, which is entitled in vacation, after dissolving the injunction, proceeds thus :

" And the parties having filed herein the following stipulation: [then follows the entitling of the cause, and as in vacation.] ' The court having made an order dissolving the injunction herein heretofore granted by the master in chancery of Kankakee county, it is hereby stipulated that final order dismissing bill may be made the same as in term time, from which complainants take an appeal. And it is further

stipulated that bill being dismissed in vacation and appeal taken shall in nowise affect the right of defendants to have their damages assessed for wrongfully suing out said injunction, in case the judgment of the court is affirmed.' · [Signed by the solicitors of the parties.] It is ordered that defendants have leave to file a suggestion of damages herein within ten days from the date of this order, and that said bill of complaint be dismissed," etc.

The plea then avers that no suggestion of damages was ever filed, and that there had never been any assessment or award of damages. The plea was demurred to, the demurrer overruled, the plaintiff elected to stand by his demurrer, and there was judgment for defendants for their costs. The plaintiff appeals.

Mr. Stephen R. Moore, for the appellant.

Mr. B. S. Morris, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

The sole question presented upon the record is, whether it was necessary that the damages should first have been assessed, before an action would lie upon the bond.

Appellant's counsel, in support of the action, relies upon the case of *Hibbard* v. *McKindley*, 28 Ill. 240, in which it was decided that under such a condition of an injunction bond it was not necessary that the damages should have been first assessed at the time the injunction was dissolved, but that a recovery in an action upon the bond would be an award of damages within the condition. The bond there was executed on October 10, 1859, and the action upon it brought on April 27, 1860.

Subsequently came the statute of 1861, enacting "that, in all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction and before finally disposing of the suit, upon the party claiming damages by reason of such injunction sug-

gesting in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same."

Then followed the case of *Brownfield* v. *Brownfield*, 58 Ill. 152, which expressly decided that, under the act of 1861, in order to a recovery upon such a condition of an injunction bond, the damages must have been previously awarded at the time of the dissolution of the injunction ; that unless there had been such a previous award of damages, and failure to pay them, there could be no violation of the obligation ; and, hence, that the award of damages must have preceded the institution of the suit upon the bond. This case being later, and under a subsequent statute, must govern.

It is then insisted that the stipulation of the parties to the injunction suit, set out in the declaration and plea and embodied in the decree, takes the case out of that decision ; that it was the intention of the stipulation to retain the right to sue upon the bond without any damages being first assessed by the court, and that it does this.

If such was the intention, it is not, we think, expressed by the stipulation. It merely says that the dismissal of the bill in vacation, and an appeal being taken, shall in nowise affect the rights of defendants to have their damages assessed, etc., in case the judgment is affirmed. Assessed when, or in what suit, is not named. Whatever might be the difficulty of having the damages assessed afterward in that injunction suit, which has been dwelt upon, we can not construe the stipulation as an agreement dispensing with their assessment in that suit, and consenting that they might be assessed for the first time in the suit upon the injunction bond.

The clause in the decree, immediately following the stipulation, " that the defendants have leave to file a suggestion of damages herein within ten days from the date of this

order,'' carries the idea that the damages were to be assessed in that same injunction suit.

. It may be further remarked that two of these defendants, obligors in the bond — Williams and Singleton — were sureties only, and not parties to the injunction suit. To give to the stipulation the effect claimed by appellant would be to vary the liability of these sureties upon the bond, which it would not be competent for the parties in the injunction suit to do by any agreement they might make between themselves.

Appellant insists, finally, that his case is saved by the statute of 1874. In the revision of 1874 there is appended to the statute of 1861 the following: " *Provided,* a failure so to assess damages shall not operate as a bar to an action upon the injunction bond." Rev. Stat. 1874, p. 580, sec. 12.

The injunction bond was given June 26, 1874, and the injunction dissolved July 16, 1874. The act was approved March 25, 1874, and went into effect July 1, 1874. As the act had been passed when the bond was executed, although it was not to go into effect until afterward, July 1, 1874, it is said that, as the obligors knew that a change in the remedy on injunction bonds would go into effect July 1, after, the law became part of their contract. But although passed before, as the statute was not to go into effect until July 1, 1874, it was, until that time, as no statute, and can not be admitted to have any effect on the bond in question.

It is then contended that the act of 1874 only affects the remedy, and not the obligation of the contract, and that it should therefore apply here, notwithstanding the bond was executed before the time when the act went into effect.

It is said that the obligors only contracted to pay such damages as should be awarded — not that the damages should be awarded at the time of the dissolution of the injunction ; and that whether the damages should be awarded in the injunction suit, or in the suit upon the bond, could make no difference. By the construction which this court

had put upon such a condition in an injunction bond, under the act of 1861, the meaning of it was that the obligors should pay such damages as should be awarded at the time of the dissolution of the injunction and previous to the institution of the suit upon the injunction bond, and only damages so awarded; and this must be held to be the undertaking in the present injunction bond. It is to be read in connection with the act of 1861 and the construction of this court, and as if such statute and construction were incorporated in the bond itself.

By the bond itself, then, there is no liability here, because there was no award of damages previous to the institution of the suit, and to admit a liability by force of the statute of 1874 would be to give that statute a retrospective operation, and impose a liability, under a previous contract, where without the statute no liability existed. This can not be done; it would do more than to affect the remedy — it would affect the obligation of the contract by creating a liability where none at the time existed. See *Alwood* v. *Mansfield*, 81 Ill. 315.

The demurrer to the plea was rightly overruled, and the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY, dissenting: At the time of the excution of the bond the statute of 1874 had been enacted, though not to operate as a law until July 1, 1874. The contract was made in view of that act thus enacted, and was to be performed after July 1st, and, the breach occurring after that act was in force, I think the case comes within the provisions of that statute.