## CHARLES M. LININGTON ET AL.

### v.

### GEORGE H. STRONG ET AL.

1. DISSOLUTION OF INJUNCTION—DAMAGES.—A failure to assess damages upon the dissolution of an injunction, is no bar to an action upon the injunction bond for the recovery of damages.

2. NEW TRIAL—SICKNESS OF COUNSEL.—Although parties may retain competent counsel to conduct the defense of their suits, they are not thereby relieved from all personal responsibility or care in relation thereto. An affidavit in support of a motion for new trial on the ground of sickness of counsel, should also show something to excuse the absence of the parties themselves.

3. AFFIDAVIT SHOULD SHOW MERITORIOUS DEFENSE.—Affidavits in support of a motion for a new trial should show a meritorious defense.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed March 1, 1881.

Mr. E. A. SHERBURNE, for appellants; that the affidavits presented a good defense, and a sufficient excuse why defendants did not appear at the trial, cited Mendall v. Kimball, 85 Ill. 582; Souerbry v. Fisher, 62 Ill. 135.

There is no such evidence of the value of services rendered

in dissolving the injunction as will warrant the decree in this case: Alexander v. Colcord, 85 Ill. 323.

Messrs. Smith & Burgett, for appellees; that *nil debet* is not a proper plea to an action on a bond, cited 1 Chitty's Pl. 482; Davis v. Burton, 3 Scam. 41; King v. Ramsey, 13 Ill. 619; Mix v. The People, 86 Ill. 329; Sneed v. Wister, 8 Wheat. 690.

Defendant, by pleading *non est factum*, had estopped himself from questioning the declaration by carrying a demurrer back to it: Wear v. Jacksonville R. R. Co. 24 Ill. 593; Ward v. Stout, 32 Ill. 399; Claycomb v. Munger, 51 Ill. 373; Mix v. The People, 86 Ill. 329; Compton v. The People, 86 Ill. 176; Wheeler v. Curtis, 11 Wend. 654; Dearborn v. Kent, 14 Wend. 183.

Joinder in demurrer is merely formal: Davis v. Ransom, 26 Ill. 100; Stumps v. Kelly, 22 Ill. 140; Nieman v. Wintker, 85 Ill. 468; Gillespie v. Smith, 29 Ill. 473; Hazen v. Pierson, 83 Ill. 241.

A material fact alleged on one side and not denied on the other, is admitted: Simmons v. Jenkins, 76 Ill. 479; The People v. Gray, 72 Ill. 343; Dana v. Bryant, 1 Gilm. 104.

Plea of *non est factum* only puts in issue the execution of the bond: Legg v. Robinson, 7 Wend. 194; Cooper v. Watson, 10 Wend. 202; Gardner v. Johnson, 10 Johns. 47; Kane v. Sanger, 14 Johns. 89; McNeish v. Stewart, 7 Cow. 474; Dale v. Roosevelt, 9 Cow. 307; Utter v. Vance, 7 Blackf. 514; Courcier, v. Graham, 1 Ohio, 154; Rudesill v. Jefferson Co. 85 Ill. 446; Pritchett v. The People, 1 Gilm. 525; Fitzsimmons v. Hall, 84 Ill. 538.

To sustain their action plaintiffs need only to introduce the bond itself: Brazer v. Blake, 5 Ohio, 340; Pritchett v. The People, 1 Gilm. 525; Fitzsimmons v. Hall, 845 Ill. 538.

It was not necessary that damages should first have been awarded on dissolution of the injunction before suit on the bond: Rev. Stat. Chap. 69, § 12; Alwood v. Mansfield, 81 Ill. 314; Hibbard v. McKindley, 28 Ill. 240; Brown v. Gorton, 31 Ill. 416; Edwards v. Edwards, 31 Ill. 478; Ryan v. Ander-

son, 25 Ill. 382; Churchill v. Abraham, 22 Ill. 455; Sturges v. Hart, 45 Ill. 103; Mix v. The People, 86 Ill. 40.

On motion to set aside a judgment, the defendant must show that he has a meritorious defense : Singer M'f'g Co. v. May, 86 Ill. 398 ; Clark Ewing, 93 Ill. 572 ; Constantine v. Wells, 83 Ill. 192.

Motions to set aside defaults are addressed to the discretion of the court : Greenleaf v. Roe, 17 Ill. 474 ; Wallace v. Jerome, 1 Scam. 524 ; Gillett v. Stone, 1 Scam. 539 ; Powell v. Clement, 78 Ill. 20 ; Thielman v. Burg, 73 Ill. 293 ; Bowman v. Wood, 41 Ill. 203 ; Scales v. Labor, 51 Ill. 232 ; Fergus v. Garden City Co. 71 Ill. 51 ; Boyle v. Levi, 73 Ill. 175 ; Woodruff v. Tyler, 5 Gilm. 457.

Parties are bound to attend to their case and appear when it is reached for trial : Clark v. Ewing, 93 Ill. 572 ; Hawthorne v. Bowman, 3 Sneed, 524 ; Jacob v. McLean, 24 Mo. 40 ; Stetham v. Shultz, 17 Ill. 100 ; Davis v. Winants, 3 Harr. 606 ; Breach v. Casterton, 7 Bing. 224 ; Hazen v. Pierson, 83 Ill. 241 ; Mellendy v. Austin, 69 Ill. 15 ; Walker v. Kretsinger, 48 Ill. 502 ; Hartford Fire Ins. Co. v. Vanduzor, 49 Ill. 489.

Negligence of an attorney is the negligence of his clients : Yates v. Monroe, 13 Ill. 212 ; Green v. Robinson, 3 Harr. 105; Patterson v. Mathews, 3 Bibb, 80; Field v. Watson, 8 Mo. 686; Clark v. Ewing, 93 Ill. 572; Thielman v. Burg, 73 Ill. 293 ; Shaffer v. Sutton, 49 Ill. 506.

BAILEY, J. This was an action of debt, brought by the appellees against Charles and Melissa Linington, upon an injunction bond executed to the appellees by Charles Linington as principal, and Melissa Linington as surety, in a chancery suit brought by Charles Linington against the appellees. The condition of the injunction bond is, that the obligors would pay all such costs and damages as should be awarded against the complainant in case the injunction should be dissolved. The declaration alleges the dissolution of the injunction, and the recovery of the complainant by the appellees of their costs, amounting to $1.50, but there is no averment that any damages were awarded in the chancery suit on dissolution of the injunction.

The declaration contains five assignments of breaches of the condition of the bond. The first alleges the non-payment of the costs, and the other four aver, with various changes of phraseology, that the appellees were put to great trouble and expense in and about procuring the dissolution of the injunction, and employing solicitors to procure such dissolution, and that such expenditures had not been paid them by the appellants.

The trial was had on a plea of *non est factum*, and the appellees, after reading in evidence the bond sued on, proved that they retained and employed certain solicitors to defend the injunction suit, and to procure the dissolution of the injunction, and agreed to pay them for such services what the same should be reasonably worth,—that said solicitors performed various services in the matter of the injunction, which were reasonably worth $150, and charged the appellees that sum therefor, which was still unpaid. Upon the foregoing evidence, the jury rendered a verdict for the appellees, and assessed their damages at $150, for which sum they had judgment.

The appellants insist that under the condition of the bond in suit, no recovery can be had beyond the mere costs of suit, so long as it does not appear that any damages were awarded by the court of chancery on dissolution of the injunction.

Prior to the act of 1861, giving courts of chancery power to award damages on dissolution of an injunction, it was held that under this condition damages could be recovered whether awarded on dissolution of the injunction, or afterwards, in a different proceeding. Hibbard v. McKindley, 28 Ill. 240. In the case here cited, the condition of the bond was precisely like the one now in suit, and the court, in sustaining the right of the plaintiff to recover damages, though none had been previously awarded, use the following language:

" This condition does not provide that the damages shall be awarded at the time of the dissolution of the injunction. It only provides that if the worst shall happen, the obligors shall pay such damages as shall be awarded, and whether they shall be awarded at that or a future period—in that or a different

proceeding—makes no difference. A recovery in an action upon the bond would be an award of damages within the condition. Nor was it necessary that a separate recovery should be had against the complainant before the liability attached against the securities. When a judgment is recovered against him and the other obligors, the condition is answered, as the damages are then awarded against him."

After the passage of the act of 1861, it was held that where a bond was conditioned for the payment of such damages as might be awarded against the complainant on dissolution of the injunction, such condition related solely to damages awarded in the manner provided by the act, so that in the absence of such award, the condition would not be broken. In the revision of 1874, however, the act of 1861 was amended by the addition of the following proviso: "*Provided*, a failure to assess damages shall not operate as a bar to an action upon the injunction bond." It seems to have been the intention of the legislature, in inserting this proviso, to restore the rule existing prior to the act of 1861. Such appears to have been the view taken by the Supreme Court in Mix v. Vail, 86 Ill. 40. Under the law as it now stands, then, the fact that no damages were awarded on the dissolution of the injunction, is no obstacle to a recovery.

After the trial in this case, and at the same term of court, a motion for a new trial was made by the appellants, based on certain affidavits, showing that on account of the sudden and severe illness of their counsel, both they and their counsel were absent from the trial. This motion was denied, and its denial is assigned for error. The motion was addressed to the sound discretion of the court, and unless we can see that such discretion has been abused, we ought not to interfere. The affidavits we think show sufficiently that the appellants' counsel was free from any negligence in failing to be present at the trial, but no attempt whatever is made to purge the appellants themselves of negligence. Although parties may retain competent counsel to conduct the prosecution or defense of their suits, they are not thereby relieved from all personal responsibility or care in relation thereto. It is incumbent upon them,

ordinarily, to give some personal attention to their suits, and the affidavits in this case should have shown something more than the mere illness of counsel, to excuse the absence from the trial of the parties themselves.

But the affidavits are fatally defective in another respect. They entirely fail to show that the appellants have any meritorious defense. Unless merits are shown it would be idle to award a new trial, as it does not appear that any injustice has been done, or that another trial would be likely to result any more favorably to them.

We fail to find any error in the record, and the judgment will accordingly be affirmed.

Judgment affirmed.