CHARLES SHACKLEFORD *et al.* Appellants, *vs.* MYRTIE S. BENNETT *et al.* Appellees.

*Opinion filed December 15, 1908—Rehearing denied Feb. 5, 1909.*

INJUNCTION—*right of action on injunction bond accrues when injunction is dissolved.* Under the present statute, where an injunction bond is conditioned for payment of damages in case the injunction is dissolved a cause of action accrues upon the bond immediately upon the dissolution of the injunction, and the fact that the court where the injunction proceeding was pending has failed to assess damages or finally dispose of the cause upon its merits is no defense to the action.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding.

C. D. F. SMITH, and W. P. BLACK, for appellants.

QUIN O'BRIEN, and ALANSON C. NOBLE, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This was an action of debt brought in the municipal court of Chicago by Myrtie S. Bennett and Alanson C. Noble against Charles Shackleford and others upon an injunction bond executed by defendants. A judgment was recovered by plaintiffs below for $125, which judgment has been affirmed by the Appellate Court for the First District. The case comes to this court from the Appellate Court upon a certificate of importance.

On August 7, 1906, Charles Shackleford filed a bill in the superior court of Cook county to enjoin the further prosecution of a suit then pending against him before a justice of the peace. An order was made for a temporary injunction, and the bond in suit in this case was executed in the penal sum of $400. The injunction bond was in the usual form, the condition of which was as follows: "The

condition of the above obligation is such that if the above bounden Charles Shackleford, William P. Black and James Donovan, their executors or administrators, or any of them, shall and do well and truly pay or cause to be paid to said Myrtie S. Bennett and Alanson C. Noble, their heirs, executors, administrators or assigns, all such costs and damages as shall be awarded to any one or more of said defendants, jointly or severally, against the said complainant in case the said injunction shall be dissolved, then the above obligation to be void, otherwise to remain in full force and virtue." The appellees answered the bill, and on December 10, 1906, procured an order dissolving the injunction. On December 12 appellees filed their suggestions of damages in the superior court, but no damages were in fact assessed prior to the commencement of this suit upon the bond. Afterwards, on the 20th of December, the present action on the injunction bond was commenced in the municipal court. On March 6, 1907, the court in which the injunction proceeding was pending sustained a demurrer to Shackleford's bill and dismissed the cause out of court.

The only question which we regard as open for consideration in this court is whether this action on the injunction bond can be maintained before the final disposition of the chancery proceeding in which it was filed. Appellants contend that the law is that a right of action on an injunction bond does not accrue until there has been a final decree in the suit in which the injunction was obtained and the bond executed, and that the right of action does not accrue immediately upon the dissolution of the injunction. Appellees contend that immediately upon the dissolution of the injunction the right of action accrued to them on the bond, and that such right is not dependent upon the final disposition of the cause wherein such injunction was issued. Numerous authorities outside of this State are cited by the appellants which apparently sustain their contention, and it is their contention that such rule obtains here.

There is an apparent conflict between the decisions of this court upon this question, but a careful examination of the statutes in force at the different times when this question has been before this court will show that the supposed conflict is entirely due to the difference that existed in the statutes. Under the statute of 1845 it was not necessary that the court, after dissolving an injunction, should, before the final disposition of the case, assess damages, and it was held in *Hibbard* v. *McKindley,* 28 Ill. 240, that the assessment of damages by the court which had issued the injunction was not necessary before bringing a suit at law upon the bond. In 1861 the statute was changed, whereby it was provided "that in all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction and before final disposition of the suit, upon the party claiming damages by reason of such injunction suggesting in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require and to equity appertain to the party damnified by such injunction, and may award execution to collect the same." (Laws of 1861, sec. 1, p. 133.) Under this statute it was held in *Brownfield* v. *Brownfield,* 58 Ill. 152, that the assessment of damages by the court issuing the injunction was a condition precedent to the right to maintain an action at law upon the bond, and a similar holding was made in *Mix* v. *Vail,* 86 Ill. 40; and in *Terry* v. *Hamilton Primary School,* 72 Ill. 476, it was held improper to assess damages until the final disposition of the case, where the only prayer of the bill was for an injunction. It was there said (p. 479): "The only prayer of the bill was for an injunction, and although by affidavits and other proofs it might appear to be eminently proper to dissolve the injunction temporarily granted, still on a final hearing evidence might have been adduced requiring that there should be a perpetual injunction."

It thus appears that while the law of 1861 was in force and unmodified, the rule in this State was that a suit could not be maintained on an injunction bond until after there had been an assessment of damages by the court granting the injunction, and that in bills for injunctions, only, no assessment of damages could be made until final disposition of the case, from which it would seem necessarily to follow that until there had been an assessment of damages and a final disposition of the principal case no action at law could have been maintained upon an injunction bond, particularly in a case where the only relief sought was an injunction. In 1874 the legislature added a proviso to the law of 1861, to the effect that a failure to assess damages by the court issuing the injunction should not operate as a bar to an action upon the injunction bond. Since the addition of this proviso this court has gone back to the doctrine of *Hibbard* v. *McKindley, supra,* and other cases in line with it, and the rule now adhered to is, that upon the dissolution of an injunction there is an immediate cause of action upon the bond accruing to the party against whom the injunction was directed, for the costs and damages sustained in and about the dissolution of such injunction, and the fact that the court has failed to assess damages or finally dispose of the case is no defense to such action. (*Keith* v. *Henkleman,* 173 Ill. 137.) This rule gives the party damnified the benefit of the condition in the bond. Appellants' agreement in the bond is, that they will pay all costs and damages that may be sustained upon the dissolution of the injunction. When it was shown that the injunction had been dissolved and costs and damages sustained, appellees were immediately entitled to action for the breach of the bond. The only damages claimed were for attorney fees in connection with the dissolution of the injunction.

The judgment of the Appellate Court for the First District is free from error, and the same is accordingly affirmed.

*Judgment affirmed.*