## Joseph Majewski, Appellant, v. Stanislaus Pozdol et al., Appellees.

## Gen. No. 20,988.

1. APPEAL AND ERROR, § 633*—*when appeal from refusal to vacate decree may be allowed.* An appeal from the denial of a motion to vacate a decree may be allowed at a term later than that at which the decree was actually entered, provided such motion was made at such prior term and was continued to the term when the appeal was taken, for the reason that a judgment or decree does not become final until disposition is made of a motion to vacate such judgment or decree, if made at the term when the judgment or decree was entered, although such motion may be continued to a later term.

2. APPEAL AND ERROR, § 1197*—*when review limited to order appealed from.* An appeal from a decree dismissing a bill for want of prosecution and assessing damages on dissolution of an injunction brings up for review only that part of the decree assessing damages and does not bring up the question of dismissal of the bill where neither the prayer for appeal nor the bond show an appeal from the decree dismissing the bill.

3. INJUNCTION, § 324*—*when suggestion of damages essential on dissolution.* It is error for a court to hear evidence and assess damages on the dissolution of an injunction without the filing of a suggestion of damages, a suggestion of damages being necessary to give such court jurisdiction to act on such questions.

4. INJUNCTION, § 324*—*when evidence insufficient to show filing of suggestion of damages.* Where on dismissing a bill and dissolving an injunction the court heard evidence and assessed damages, evidence examined and *held* insufficient to show that a suggestion of damages had been filed.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1915. Decree modified. Opinion filed December 6, 1915.

WILLIAM J. STAPLETON and A. Z. ZIETLEIN, for appellant.

DAVID GILMOUR, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The bill in this case was filed by Majewski against Pozdol to vacate the default of Majewski and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

decree against him entered November 25, 1910, on a creditor's bill filed by Pozdol against him and others, whereby certain real estate, of which Majewski in his bill claimed to be the owner, was decreed to be the property of one George W. Chamberlin, and ordered to be sold to satisfy a judgment recovered in an action for fraud and deceit by Pozdol against the administrator of George W. Chamberlin, to be paid in due course of administration, and a personal judgment against Emma R. Chamberlin. The propriety of a judgment against a surviving tort feasor and the personal representative of a joint tort feasor is not brought before us for review by this appeal. The court in the case mentioned decreed that the real estate in question be sold by a master to satisfy the judgment, and it was sold under the decree January 30, 1911, to Pozdol.

The master's report of sale was confirmed and a certificate issued to the purchaser. August 24, 1911, the bill in this case was filed and the defendant enjoined from taking out a master's deed. Pozdol answered the bill; a replication was filed and the cause was in the call of July 3, 1914, for hearing. It was reached that day and the complainant did not appear. The bill was dismissed for want of prosecution, and the court immediately proceeded to hear evidence as to the damages of defendant sustained by reason of the injunction, and directed counsel to prepare a decree. The decree was entered July 9th. July 8th complainant moved the court to vacate the order dismissing the bill for want of prosecution. The decree orders that the bill be dismissed for want of prosecution; finds that defendant was wrongfully deprived of the profits of the premises for two years and eight months, and sustained damages thereby to the amount of $700; decrees that "a judgment be entered for the amount of $700 as damages," etc.; and further finds that defendant was compelled to pay and did pay $150 solicitor's fees

in obtaining the dissolution of the injunction and orders that "a judgment for damages be entered against complainant" for $150, etc.

The decree was entered at the June term. July 18th, the last day of that term, the complainant moved to vacate the decree entered July 9th, and the court continued the hearing of the motion to August 18, 1914. The August term began August 17th, and August 18th, a day of the August term, the plaintiff moved to vacate so much of the decree entered July 9th as assessed damages against complainant for the wrongful suing out of the injunction in the case, and the court denied the motion. The complainant prayed an appeal, "from the order of the court denying said motion," and "from the decree assessing damages for the suing out of said injunction," which was allowed on the complainant filing a bond, etc.

The bond recites that "whereas, Pozdol recovered a decree against Majewski July 9, 1914, for $850 and costs, from which decree and from an order entered August 18, 1914, denying a motion to vacate same, Majewski has prayed for and obtained an appeal to the Appellate Court; Now therefore," etc.

It appears to be well settled by the later decisions of our Supreme Court that if at the term at which a judgment or decree is entered a motion is made to set aside the same, the judgment or decree does not become final until such motion is disposed of, even though the motion is continued to a subsequent term. *Grubb v. Milan,* 249 Ill. 456; *Hosking v. Southern Pac. Co.,* 243 Ill. 320; *Donaldson v. Copeland,* 201 Ill. 540; *Village of Hinsdale v. Shannon,* 182 Ill. 312; *People v. Gary,* 105 Ill. 264; *Hearson v. Graudine,* 87 Ill. 115.

It is true that most of the cases above cited presented the question of right of the judge to sign at a subsequent term a bill of exceptions containing the evidence heard at the trial. The appeal must be prayed at the term at which the judgment or decree is rendered.

The bill of exceptions must be signed at the judgment term unless an order is made allowing further time, and if the bill of exceptions may be signed at a subsequent term on the ground that the judgment does not become final until the motion to vacate made at the judgment term is disposed of, it follows that an appeal in such case may be allowed at the subsequent term on the ground that the judgment does not become final until the motion to vacate is disposed of; and therefore the judgment must be regarded as entered at the subsequent term.  This appeal therefore brings before us for review that part of the decree which "assessed damages for the suing out of the injunction," but not that part of the decree which dismisses the bill for want of prosecution, because the prayer for an allowance of the appeal and the appeal bond fail to show an appeal from the decree dismissing the bill.

To confer jurisdiction on a court to hear evidence and assess damages on the dissolution of an injunction, a suggestion of damages should be filed, and it is error to assess damages without such suggestion.

*Hamilton v. Stewart,* 59 Ill. 330; *Forth v. Town of Xenia,* 54 Ill. 210; *Winkler v. Winkler,* 40 Ill. 179.  The rule is different in an action on the bond.  *Shackleford v. Bennett,* 237 Ill. 523.

The evidence fails, in our opinion, to show that the defendant filed a suggestion of damages in writing before the damages were assessed.  The decree orders, paragraph 1, that the case be dismissed for want of prosecution at complainant's costs; paragraph 2, that complainant's bill and the amendments thereto be dismissed and judgment entered for damages and costs; paragraphs 3 to 6 recite facts to show that defendant sustained damages by reason of the injunction.  The certificate of evidence recites that the bill was dismissed for want of prosecution, and "thereupon the defendant at once moved the court to assess damages for the suing out of the injunction in said

cause, which motion was granted, and immediately following evidence in support thereof was heard.'' Defendant called as a witness his son, Michael, who in answer to the question whether he saw Mr. Gilmour, one of defendant's counsel, pass up a paper that he said was a suggestion of damages, answered, ''If my memory serves me right, I have.'' In answer to another leading question by complainant's counsel, as to whether there were two documents ''put over'' to the clerk by Mr. Gilmour, the witness said, ''If my memory serves me right, I have.'' Asked on cross-examination to pick out from the files the two papers, he picked out one which was a motion for leave to file a suggestion of damages, and another which was the decree, which manifestly was not prepared until later. J. W. Richey, Esq., who had had charge of the case up to the hearing, and who was present at the hearing, was called by the court and testified that he saw no written suggestion of damages presented to the court at any time. Mr. David Gilmour, defendant's solicitor, filed an affidavit in which he stated that two papers offered with his affidavit were copies of a petition for leave to file a suggestion of damages and a suggestion of damages. The suggestion of damages presented with the affidavit does not purport to be signed by any one; there was no motion to restore lost files or documents and there is in the record no suggestion of damages in writing. It was error to assess damages by reason of the injunction before a suggestion of damages was filed, and for this error that part of the decree which assesses damages by reason of the injunction will be reversed. That part of the decree which dismisses the bill is not, as we have said, brought before us by this appeal.

That part of the decree assessing damages against defendant by reason of the injunction is reversed at the cost of the appellee.

*Decree modified.*