## The Chicago & Alton Railroad Company
### *v.*
### Virginius E. Higgins *et al.*

1. Bond—*sufficiency of breach assigned.* The condition of a bond was, that the principal should, among other things, pay and deliver over to his successors or any other person duly authorized to receive the same, all balances or sums of money, goods, chattels and other things, which shall appear to be in his possession, and due by him to the obligee: *Held,* that the condition of the bond was not necessarily broken because the principal had failed to pay over a balance which appeared to be in his hands, by his accounts rendered.

2. Evidence—*admissions.* The balance sheet of a freight agent returned to the company, of the receipts and disbursements of his office, is not an admission on his part that a deficit is chargeable to himself.

3. General agent—*whether liable for default of his subordinates.* The sureties in a general freight agent's bond, are not liable for a deficit in his accounts, arising from the default of his subordinates, under a general clause in the bond, that "such agent shall well and truly perform and execute the duties of freight agent, and shall render a just and true account of all moneys, goods and chattels, which shall come into his charge or possession," where the subordinates are appointed by the railroad company, although appointed with the approbation and consent of the general agent, and acting under his direction and control.

4. Surety—*implication.* The liability of sureties on a penal bond, can not be extended by implication, to matters not clearly included in their undertaking.

Appeal from the Circuit Court of Morgan county; the Hon. Charles D. Hodges, Judge, presiding.

Mr. A. W. Church and Mr. H. E. Dummer, for the appellant.

Messrs. Morrison & Whitlock, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a suit upon a bond executed by the appellees to the appellant, on the 18th day of July, 1868, the condition of which was as follows:

"The condition of the above obligation is such, that, whereas, the above bounden Virginius E. Higgins hath been duly appointed freight agent at Jacksonville station, on the Jacksonville division of the Chicago and Alton Railroad Company: Now, if the above bound Virginius E. Higgins shall well and truly perform and execute the duties of such freight agent of said Chicago and Alton . Railroad Company in all things, and shall render to said company, or its agent or attorney, a just and true account of all sums of money, goods, chattels and other things which shall come into his hands, charge or possession, as such agent of said company, and shall and do pay over and deliver to said company, its agent or attorney, all balances or sums of money, goods, chattels and other things which shall at any time appear to be in his hands, and due by him to said company, and shall pay and deliver over to his successor in office, or any other person duly authorized to receive the same, all balances or sums of money, goods, chattels and other things, which shall appear to be in his possession and due by him to said company, then the above obligation to be void, else to remain in full force and effect. *Sealed and delivered in presence of*

>           S. W. Neely,
>               Thos. J. Moore,        V. E. Higgins, [Seal.]
> *Approved,*                          Wm. P. Barr, [Seal.]
>           T. B. Blackstone,          Landon Mapes. [Seal.]
>                   *Pres't.*

The declaration assigned two breaches of the condition of the bond, as follows: That there came into the hands of said Higgins, as freight agent, sundry freight bills and claims for charges due to plaintiff, to be collected by said Higgins for the use of plaintiff, amounting to the sum of $1,984.41; that said Higgins did render to plaintiff an account, from the 1st to the 30th day, inclusive, of December, A. D. 1868, by which it appeared that there was in the hands of Higgins, and due to plaintiff from him, the sum of $1,228.56, in the following form:

FREIGHT DEPARTMENT.

*Balance Sheet Jacksonville Station, month ending December,* 1868.

DATE.

*Dr.*

[SETTING OUT THE ACCOUNT.]

That said Higgins has never paid over said sum of $1,228.56, nor any part thereof, to plaintiff, or any one authorized to receive the same for the plaintiff.    For further breach of the bond, plaintiff avers, that, on the 1st day of January, 1869, there came into the hands of said Higgins, as freight agent, divers bills for freight and claims for charges due said plaintiff, amounting to $7,800.10; that Higgins did render an account to plaintiff relating to said bills for freight, etc., from the 1st day of December, 1868, to the 30th December, 1868, inclusive, by which account it appeared that there was in the hands of Higgins the sum of $1,121.17, which sum, though long since due and payable, said Higgins has not paid over to plaintiff or any person authorized to receive the same.

The 1st and 2d special pleas, in substance, aver performance by rendering a true account, etc., and paying over all moneys which came to the hands of Higgins.

The 3d special plea, as to all money, etc., received at such station, except $1,121.17, in the declaration mentioned, avers the same as the other pleas; and that as to the sum of $1,121.17, money due plaintiff on freights received at said station, said sum was received by one S. W. Neely, and not by said Higgins; that said Neely was an agent of plaintiff at said station, appointed by said plaintiff, and not by said Higgins; that said Neely, while so in the service of plaintiff at said station, under the appointment aforesaid, received said sum for freight aforesaid.

Plaintiff's replications were as follows:

To the 1st special plea:    *Precludi non,* because Higgins did not pay over to plaintiff, nor any person authorized by plaintiff to receive the same, the sum of money, to wit: the sum of

$1,121.17, which appears by the said account, rendered by the said Higgins, to be in his possession as freight agent at Jacksonville.

To the 2d special plea :   *Precludi non,* because said Higgins did not pay over to plaintiff, nor to any person authorized to receive the same, the sum of $1,121.17, which appears, by said account rendered, to be in his possession as freight agent, etc.

To the 3d special plea :   *Precludi non,* because plaintiff avers that as to all except $1,121.17, said Higgins did not pay over to plaintiff, nor to any person authorized to receive the same, said sums of money, which appear by the account rendered by said Higgins to be in his possession as freight agent, etc. And as to the $1,121.17 received by Neely, plaintiff avers that the said Neely was a subordinate employee in the department of said Higgins, as freight agent at Jacksonville, whose duty it was to act, and who did act, under the direction and control of said Higgins ; and that said Neely was employed and paid by said plaintiff, after consultation with said Higgins, who had executed bond as aforesaid, and was appointed with the approbation and consent of said Higgins.

To the 3d special plea, as a second replication :   That said $1,121.17, which appears, by the account of said Higgins, to be in his possession as freight agent, etc., was not embezzled by S. W. Neely; the first two replications concluding to the country, and the last two with a verification.   There were general demurrers to all the replications filed by plaintiff.

Defendants withdrew their plea of *non est factum,* and the demurrers to said replications were sustained, and judgment was rendered against the plaintiff for costs.

The errors assigned, are, in sustaining the demurrers and rendering judgment against the plaintiff.

The replications to the 1st and 2d special pleas, and the first branch of the replication to the third special plea were bad, in denying that Higgins had paid over the sums of money, which appeared, by the account rendered by him, to be in his possession, as freight agent, etc., instead of denying that he had paid

over money which had come into his hands, etc. Undue stress seems to be laid upon the word "appear," in that part of the condition of the bond requiring Higgins to pay over all sums of money which shall at any time appear to be in his hands. This is to be taken, that he should pay over all moneys, which should at any time *be* in his hands; but not such as might merely *appear*, by any account rendered, or otherwise, to be in his hands. He was to be liable, as the fact might be, not as it might appear to be by any piece of evidence. This account was not even an admission that the money was in the possession of Higgins; it was but an admission that so much was due from the freight department at the Jacksonville station.

There might be a mistake in the account, or some item of it might be in the hands of some one else connected with the freight department, for whose conduct Higgins was not responsible, as is claimed here. Such an issue as was tendered by these replications could not be safely accepted.

But it is insisted that the pleas are bad, and the demurrer should be carried back and sustained to them. We can perceive no substantial defect in the pleas. They show an apparent compliance with the condition of the bond.

But the more important question arises under the last plea and replication, whether the liability under this bond extends to the acts of this subordinate agent, Neely.

The declaration avers, that the business of the department of Higgins, as freight agent, required the employment under him of one or more subordinate agents, of each of whom bonds could not be conveniently taken, and that the plaintiff was desirous of securing from Higgins his sole accountability for all moneys collected in the department of Higgins, as such freight agent. It might have been very well for the plaintiff to do that, and it could have done so, but did it do so, by the form of the bond which it took?

The condition is, to render a true account of all sums of money, goods, chattels and other things, which shall come into his hands, charge or possession as such agent, and to pay over

all balances or sums of money, goods, chattels and other things, which shall at any time appear to be in his hands, and due by him to said company. The breach is, for not paying over money—the condition in this respect is, to pay over such money as shall be in Higgins' hands, and be due by him—it respects his own conduct, and does not point to the conduct of any subordinate agent under him.

Sureties are involved here. The undertaking of a surety is to receive a strict interpretation. His liability is not to be extended by implication, beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. *Miller* v. *Stewart et al.* 9 Wheaton, 680.

The third special plea, avers the payment over of all moneys received at such station, except $1,121.17, in the declaration mentioned, and that as to such sum, due plaintiff on freights received at said station, said sum was received by one S. W. Neely, and not by said Higgins; that Neely was an agent of plaintiff at said station, appointed by plaintiff and not by Higgins, and that Neely received the money while so in the service of the plaintiff, under its appointment.

If this sum of money was received by Neely under such circumstances, and never came into the hands of Higgins, but was retained by Neely, we do not think a liability for it is fairly embraced within the condition of this bond.

The engagement of these sureties was to become responsible for any misconduct of Higgins, and not for the default of any other agent of the company appointed by itself, although in the same freight department, and subordinate to Higgins. Such a responsibility does not seem to come within the fair scope of the terms of the sureties' engagement.

It can not fairly be considered as having been within their contemplation.

To have rendered them so responsible, for the misconduct of any other agent of the company, the terms of the condition should have extended to other agents, and not have been

confined to Higgins, or they should have expressly assumed a liability for all moneys received in the freight department.

We think the plea presented a substantial defense as to the sum of money averred to have been received by Neely; and the replication did not sufficiently avoid the effect of the plea as to this sum of money, by averring that Neely was a subordinate employee, under the direction and control of Higgins, and that Neely was appointed by the company with the approbation and consent of Higgins.

It shows no misconduct of Higgins in the matter. Nor does the second replication, that Neely did not embezzle the money, in any way avoid the matter of the plea.

We think the court below rightly held all the replications to be bad, and that there was no error in sustaining the demurrer to them.

*Judgment affirmed.*