JOSEPH BLOCK ET AL.

v.

JOHN BLUM ET AL.

*Appeals—Bond—Misstatements Therein as to Name—Form of Action —Change of in Higher Court—Justices.*

1. A bond upon an appeal from a judgment in trover rendered in a justice court is not discharged for the reason that the form of action was changed to assumpsit in the higher court.

2. A mistake in an appeal bond as to the name of the party who recovered the judgment appealed from is fatal to an action thereon, for the reason that no record of the court appealed to, showing any disposition of a suit between the parties named in the bond can be produced, and therefore that no breach of the condition of the bond can be proved.

3. The true intent of such bond may be followed, where the same can be discovered therefrom, without the aid of extrinsic evidence.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the
Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. HOFHEIMER, ZEISLER & ROSENBERG, for appellants.

Mr. M. D. BROWN, for appellees.

GARY, P. J.   The appellants recovered a judgment in
trover against Blum before a justice of the peace.   He
appealed to the Circuit Court, and gave a bond with the other
appellee as surety, which recited that Emil Block was one of
the persons who recovered the judgment.   The person
intended was Emil Pollock.   In the Circuit Court the form
of the action was changed to assumpsit and the appellants
recovered.

The judge of the Superior Court trying this case as an action
on the bond without a jury, found for the appellees; but
whether upon the objection that the form of action was
changed, or that the mistake in the name was fatal, does not
appear.   There is nothing in the first objection.   It makes
no difference what the justice, or the plaintiff before him,
calls an action there.   It is in the fact that the evidence fits.
Swingley v. Haynes, 22 Ill. 214; Chi. & R. I. v. Reid, 24
Ill. 144.   The point of the second objection is not that a bond
running to an obligee by a wrong name can not be enforced,
but that no record of the Circuit Court showing any disposi-
tion of a suit between the parties named in the bond, can be
produced, and therefore no breach of the condition of the
bond can be proved.   "Parol evidence can neither bend the
bond to the record nor the record to the bond."   Colman v.
Crumpler, 2 Dev. (N. C.) Law, 508.   Where what ought to
have been, as well as the mistake, appears upon the face of
the bond, so that it may be helped out by construction, with-
out extrinsic evidence, the true intent may be followed.
Schill v. Reisdorf, 88 Ill. 411; Hibbard v. McKindley, 28 Ill.
240.   The question has usually arisen on a motion to dismiss

the appeal, and the variance of the bond from the record has always been held fatal, even when the practice did not permit the substitution of a new bond. Gillilan v. Gray, 13 Ill. 705; Brooks v. Jacksonville, 1 Scam. 568; People v. Monroe 3 Wend. 426.

The finding in favor of the appellees was therefore correct, and the judgment is affirmed.

*Judgment affirmed.*