HENRY E. SEELYE

v.

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Guardian and Ward—Bond—Action of Debt on—Conditions in—Practice—Principal and Surety.*

1. A demurrer to one plea, good or bad, will not be carried back to the declaration, if another good plea is on file. But if the declaration be so defective that it will not sustain a judgment, that may be taken advantage of on a motion in arrest of judgment, or on error.

2. All legislative power not prohibited by the Constitution of this State or the exercise of which is not repugnant to the Constitution, laws or treaties of the United States, is vested in the General Assembly.

3. A condition in a guardian's bond that settlement shall be made in the County Court does not bind the surety thereon to a settlement in the Probate Court.

4. The transfer of said cause from the County to the Probate Court in conformity with the act of 1877, did not avoid such bond as to other conditions therein.

[Opinion filed May 5, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. RICHARD J. TUTHILL, Judge, presiding.

Messrs. SWIFT, CAMPBELL & JONES, for plaintiff in error.

It is familiar law that in an action against a surety, the surety will not be held bound beyond the strict terms of the bond. As the Supreme Court of this State said in C. & A. R. R. Co. v. Higgins, 58 Ill. 128, " Sureties are involved here. The undertaking of a surety is to receive a strict interpretation; his liability is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further."

To the same effect is Ovington v. Smith, 78 Ill. 250, and Miller v. Stewart, 9 Wheat. 680. And in the case of Mix v. Vail, 86 Ill. 40, the Supreme Court held in a case where

a bond was given after a statute was passed, but before the statute took effect, that the statute could not alter the obligation of a surety upon the bond. This principle has been practically applied in several cases closely resembling the case at bar.

In the case of Sharp v. Bedell, 5 Gilm. 88, an appeal bond had been given conditioned upon the satisfaction of "whatever judgment might be rendered by the Circuit Court of Hancock County" upon appeal. The declaration upon this bond alleged that after the appeal was taken a change of venue was had from Hancock County to McDonough County, and that the Circuit Court of McDonough County had affirmed the judgment from which appeal had been taken. The breach assigned was the non-payment of this judgment. The Supreme Court held that the action was not maintainable. Trumbull, J., delivering the opinion of the court said: "Bedell only bound himself to pay whatever judgment should be rendered by the Circuit Court of Hancock County, upon the dismissal or. trial of the appeal. The record shows that the Circuit Court of Hancock County never dismissed the appeal, or tried the case, but that it was removed to the county of McDonough; consequently no breach of the condition of ·the bond is in terms shown, and the conditions of the bond not being in accordance with the statute, we are of opinion that Bedell can not be held responsible by implication beyond the terms of his obligation as therein expressed." See Morgan v. Morgan, 4 Gill & J. 395.

Messrs. QUIGG & BENTLEY, for defendants in error.

Bombeck v. Bombeck, 18 Mo. App. 26, is in all essential respects identical with the case at bar.

A guardian received certain moneys belonging to his ward after she had attained her majority, with which the Probate Court charged him in stating the guardianship account. This account was substantially approved on appeal to the Circuit Court, whence the guardian prayed an appeal to the Appellate Court, but did not present a bill of exceptions, so that the questions involved arose, as in our case, upon the

record.  On behalf of the guardian the argument here presented was made :  " No money, property or effects came to the possession of defendant during the minority of Matilda. The only liability with which she seeks to charge him is in respect to the fund of $1,207.05 which the decree finds he received 'after the said Matilda, his late ward, had attained her majority, as stated in his return to the citation herein. Upon the majority the relation of guardian and ward ceased." (Citing cases.)  " Afterward, any money received was received, not as guardian, but to be paid over.  He could be sued for it in a court of law."  (Citing Bull v. Towson, 4 W. & S. 568.)  " When the relation of guardian and ward ceased, the jurisdiction of the Probate Court ceased.  The jurisdiction of that court extends only to his accounts as guardian, and not to contracts between him and plaintiff after termination of the guardianship."

In the opinion of the court we find, *inter alia*, the following :

" By express provision of the statute, jurisdiction is conferred on Probate Courts over all matters pertaining to probate business, 'and settling the accounts of curators and guardians.' (Sec. 1176 Rev. Stat.)  *  *  *  Admitting, however, all the defendant contends for in this case, that from the pleadings and the entry made by the Circuit Court in passing on the motion for new trial the plaintiff had attained her majority when defendant collected the money in question, is there anything in all this to show that the judgment of the Probate Court is bad for want of jurisdiction to render it ?  The appellant contends that the guardianship of the defendant over the plaintiff ceased upon her majority. This may be conceded."  (Citing cases.)  " It may also be conceded as a general rule that when a guardian collects money of his ward after the ward reaches his majority, it would establish the relation of debtor and creditor between them and entitle the ward to maintain an action against him as for money received.  Bull v. Towson, 4 Watts & Serg. 568–9; State ex rel. v. Willi, 46 Mo. 328.  But does this rule involve the conclusion of law that if in making the settlement of the

guardian's accounts with the Probate Court it should include in the charge against him an item received after his ward became of age, that would constitute such error apparent of record as would entitle appellant to have it reviewed without either motion for new trial or in arrest of judgment in the trial court?

" Notwithstanding the majority of the ward, the Probate Court still has jurisdiction to compel the guardian to make final settlement and to render judgment against him for the balance found in his hands. If in such settlement the court should include an improper item, was that anything more than an error committed in the progress of the case?  *  *  *

" Without prolonging the opinion to unnecessary length with a review of the authorities, I conclude, both on authority and reason, that where a guardian under color of his office, either during the minority or majority of his ward, obtains possession of the ward's money or property before final settlement, he is estopped to deny, when called into court as guardian to account for it, that he received it as such guardian. After misusing his office to carry to his pockets the money of his late ward—money which he could not have otherwise obtained than as guardian—he should not be heard to say, 'It is true, I wrongfully *colore officii* obtained this money, but will account for it only in my individual character.' Especially must this be so where he seeks by the repudiation of his guardianship to escape the measure of liability which would attach to the fund as a trust in his hands as guardian.  *  *  *

"All concur."

We believe the foregoing authorities satisfactorily demonstrate that a guardian may be chargeable as such with moneys received after the majority of his ward, the four cases cited by counsel to the contrary notwithstanding."

GARY, J.   There are upon this record several important questions, which will not be considered.   The suit is debt upon the guardian's bond, described in Brooks v. People, 15 Ill. App. 570, and 22 Ill. App. 594, conditioned as the Act of

1872, Sec. 7, Chap. 64 R. S., requires, among other things, to settle the accounts in the County Court.

The ward arrived at the age of twenty-one years on the 25th day of August, 1874. This suit was commenced May 24, 1888. Under the Act of April 27, 1877, a Probate Court was established in Cook County. That act required the transfer from the County Court to the Probate Court of "all unfinished business relating to guardianship matters."

March 4, 1880, the Probate Court stated the final account of the guardian; found him indebted to the ward in the sum of $55,541.10, and ordered the guardian to pay it to the ward within thirty days. That the guardian did not obey that order is assigned as the breach of the condition of the bond, and is the ground upon which the defendants in error, plaintiffs below, have recovered.

The plaintiff in error, being a surety on the bond, contends that the order of the Probate Court is not within the condition of the bond, and therefore failure to obey it is not a breach.

He pleaded *non est factum* to the bond; *nul tiel* record to the order of the Probate Court; limitation of ten years to the cause of action; and a special plea of dealings between the guardian and ward by which he was discharged. To the latter plea a demurrer was sustained.

The defendants in error insist that upon these pleadings the question whether the failure to obey the order of the Probate Court was a breach of the condition can not be made. The whole matter appears on the face of the declaration, and if it shows no cause of action, that is " always a question open to consideration, when it falls within any of the assignments of error." O. & M. Ry. v. Wachter, 123 Ill. 440; Beadle, etc., v. Hyman, 33 Ill. App. 613. The sufficiency of the declaration was not a question on the demurrer to the last plea, as the rule in this State is, that a demurrer to one plea, good or bad, will not be carried back to the declaration if another good plea is on file. Mix v. People, 86 Ill. 329. But "if the declaration be so defective that it will not sustain a judgment, that may be taken advantage of on a motion in arrest of judgment, or on error." Schofield v. Settley, 31 Ill. 515.

A motion in arrest was made in the Circuit Court, one ground assigned being that " the declaration does not support the verdict." The plaintiff in error at the close of the evidence also asked the court to instruct the jury to find for him on the ground that the order of the Probate Court was not binding upon him. The denial of that motion and the refusal of that instruction are both assigned as error. If the breach assigned was no breach, the instruction should have been given; and not being given, the motion in arrest should have been sustained; so that the question is now before the court whether a bond conditioned to settle accounts in the County Court binds the sureties of the guardian to the result of such settlement in the Probate Court, to which that class of business, by a statute subsequent to the execution of the bond, had been transferred.

The argument on the affirmative side of that question is that " at the time this bond was signed the Constitution of this State provided for the establishment of Probate Courts, to be given jurisdiction of the settlement of guardians' accounts, and when Seeyle became Curtis' surety he must be held to have contracted with reference to this provision of law, the effect of which might be to transfer the accounting to the Probate Court."

The argument goes too far. All legislative power, not prohibited by the Constitution of this State, or the exercise of which is not repugnant to the Constitution, laws or treaties of the United States, is vested in the General Assembly. People v. Marshall, 1 Gilm. 672.

Sec. 20 of Article 6 of the Constitution does not enjoin, but permits, the creation of Probate Courts, and the only effect of it is to enable the Legislature to do what it might have done without that section, but for the limitation of the judicial power to courts mentioned in Sec. 1 of the same article.

The exercise of the power conferred by Sec. 20 therefore stands upon the same footing, as to this question, as the exercise of any other legislative power. It might with equal reason be argued that parties should be always held to

contract with reference to later valid legislation. But this position, as applicable to sureties, has been always denied: Davis v. People, 1 Gilm. 409, and many cases since; and in one case, at least, where the statute was approved before, but took effect after the contract was made: Mix v. Vail, 86 Ill. 40.

But the change by statute of the time of holding a court, under the judgment of which taxes are collected, is held not to affect the remedy on the bond of the collector, for the taxes by him collected. People v. McHatton, 2 Gilm. 731.

The Supreme Court does not define the distinction, but flouts the defense. That a surety is bound only by the letter of his undertaking is a familiar rule, applied in this State in a multitude of cases—from Reynolds v. Hall, 1 Scam. 35, to Vinyard v. Barnes, 124 Ill. 346, and perhaps later still.

There is an exception as to statutory bonds, where the form is prescribed and followed, which will be construed to have the effect given by the statute. Hibbard v. McKindley, 28 Ill. 240. That exception does not help this case, for at the time this bond was given, the effect by statute as well as by form, was to settle accounts in the County Court.

An appeal bond, which by statute should have been so conditioned as to bind the surety to pay whatever judgment should be rendered on the appeal, but which was conditioned only to pay a judgment of the Circuit Court of Hancock County, did not bind the surety to pay a judgment rendered by the Circuit Court of McDonough County on a change of venue. Sharp v. Bedell, 5 Gilm. 88.

This case has been many times approved and followed in later ones. It must therefore be held that the condition to settle in the County Court, and pay what might be "due from him on such settlement," does not bind the surety to a settlement in the Probate Court. No other cause of action than the failure to obey the order of the Probate Court is stated in the declaration.

The argument that the action of the Probate Court "may fairly be considered a settling of his account by the guardian with the ward," and the failure to pay treated as a breach of

another portion of the condition, can not apply to this decla-
ration; no such breach is assigned; nor could it be; a settle-
ment between parties is voluntary on both sides; the action of
the court is not dependent on the will of the party.

The order of the Probate Court recites that the court
refused to approve the account presented by the guardian,
which showed that the ward was indebted to the guardian sev-
eral thousands of dollars, and restated it upon an investigation
by the court. Such a settlement is within the language of
the condition to settle accounts in the court, if the condition
had covered the action of the Probate Court. Ammons v.
The People, 11 Ill. 6.

No multiplying of words can make it clearer that it is not
a settlement with the ward. The judgment must be reversed,
but as the action can in no event be maintained, the cause is
not remanded.

If our views are correct, appeals by guardians from set-
tlements of their accounts should be secured by bonds suffi-
cient to secure the amounts involved, as the original bond
does not cover the action of the court to which the appeal is
taken.

Of course we do not hold that the bond became void by the
transfer from the County to the Probate Court. All the resi-
due of the condition, except so much as relates to settling in
the County Court, remained in force, and for any breach thereof
doubtless an action would lie.

*Judgment reversed.*