Morse v. Goetz.

## Morse v. Goetz et al.

1.  SURETIES--*On Appeal Bond—When Released.*—The substitution of a new party in a suit pending on appeal releases the surety on the appeal bond.

2.  PARTIES—*Suit for the Use of Another.*—The fact that one person sues for the use of another, does not make the person for whose use the suit is brought a party to it, nor is the judgment rendered a judgment in his favor.

**Memorandum.**—*Scire facias* on an appeal bond.   Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.   Heard in this court at the October term, 1893, and reversed. Opinion filed February 13, 1894.

The statement of facts is contained in the opinion of the court.

STIRLEN & KING, attorneys for appellant.

ISRAEL COWEN, attorney for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION
OF THE COURT.

This appeal is prosecuted to reverse a judgment in favor
of appellees and against appellant, based upon a *scire
facias*.

The appellant executed, as surety, an appeal bond given
by the Davis & Morse Company, on an appeal to the Circuit
Court from a judgment of a justice of the peace against said
company and in favor of one Louis B. Lehmann. When the
appeal case came on for trial in the Circuit Court, leave of
court was asked, and obtained, to change the plaintiff to John
B. Goetz & Co., partners, for the use of Louis B. Lehmann,
and judgment was rendered by the Circuit Court in favor of
said Goetz & Co., and against the defendants, Davis & Morse
Company, for the use of Lehmann.

*Scire facias* proceedings were thereupon begun against
the appellant as surety upon said appeal bond. To the *scire
facias* the appellant pleaded that he did not execute the
bond to the present plaintiffs, the appellees here, and *non
est factum*. The plaintiffs, appellees, demurred generally to
the pleas, and the demurrer was sustained.

Thereupon the defendant, appellant, elected to stand by
his pleas, and judgment was rendered against him, and he
appeals to this court from that judgment.

Sec. 62, Chap. 79, Revised Statutes, prescribes the form
of bond in appeal cases from judgments of justices of the
peace, and section 71 of the same chapter, provides when,
in whose favor, and against whom, a *scire facias* may issue.

Here was an appeal bond running to Lehmann, the
plaintiff, in the justice of the peace judgment. On the trial
of the appeal from that judgment, a new party plaintiff,
Goetz, was substituted for Lehmann, and judgment was ren-
dered in favor of the substituted plaintiff.

The *scire facias* was issued in the name of Goetz, the new
or substituted plaintiff, and judgment was rendered in his
favor against the surety on the appeal bond which ran to
Lehmann.

The fact that Goetz sued for the use of Lehmann, the ob-

ligee in this appeal bond, does not make the judgment one in favor of Lehmann.

"A person who is interested merely as usee is not regarded as a party to the suit." Northrop v. McGee, 20 Ill. App. 108.

It was a matter of right for the plaintiff in the original suit to substitute other parties plaintiff for himself, but having done so, the surety on the appeal bond could not be subjected to judgment by *scire facias* proceedings in favor of such substituted plaintiffs. A surety will be held only according to the letter of his obligation. Morse, as surety, entered into no obligation to Goetz. His obligation was to Lehmann alone. It might well be that he would not have consented to become surety of the defendants in a suit against them by Goetz. There could be no breach of the condition of the bond signed by Morse, without a judgment in the appeal suit in favor of Lehmann. Phillips v. Wells, 2 Sneed (34 Tenn.) 153; Seelye v. The People, 40 Ill. App. 449; Block v. Blum, 33 Ill. App. 643.

The appellant is in no way liable to the appellees on any cause of action disclosed by this record, and the judgment of the Circuit Court will therefore be reversed, without remanding the cause.