# Cornelia O. Tobin, Benjamin F. Tobin, Grace L. Boggs and A. W. Tobin v. F. F. French, J. A. Woodbury and E. M. Ashcraft.

1. PRACTICE—*Amendments Preserving the Identity of the Action.*—Under Sec. 24, Chap. 110, R. S., providing that amendments may be allowed introducing any party necessary to be joined as plaintiff or defendant, and that the adjudication of the court allowing such amendment shall be conclusive evidence of the identity of the action, an order of the Circuit Court upon the plaintiff's motion, permitting all papers and proceedings in an action upon an appeal bond to be amended by changing the name of the plaintiff from " the Benjamin F. Tobin Estate," to "Mrs. C. O. Tobin, Grace L. Boggs, Arthur W. Tobin, Cornelia W. Tobin and Benjamin F. Tobin," as plaintiff, is sufficient to preserve the identity of the action.

2. AMENDMENTS—*Identity of Parties to Actions Admitted by Demurrer.*—Where the plaintiffs in a former action were changed by amendment and their identity is at issue in a suit growing out of such former action, if the declaration alleges that the plaintiffs in such former action, and the one growing out of it, are one and the same, a demurrer to such declaration admits the allegation of identity.

3. PARTIES—*Identity of, How Determined on Demurrer.*—When the identity of the plaintiffs in a former suit and in an action growing out of such former suit is at issue on a demurrer to the declaration, such identity is to be determined from the face of the pleadings.

Debt, upon an appeal bond. Trial in the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Judgment for defendant, on demurrer to declaration. Appeal by plaintiff. Heard in the Branch Appellate Court, at the March term, 1898. Reversed and remanded. Opinion filed January 24, 1899.

This is an action of debt upon an appeal bond. Appellants' declaration recites that plaintiffs, under the name, style and description of the Benjamin F. Tobin Estate, recovered possession of certain premises before a justice of the peace, in an action of forcible entry and detainer, with cost of suit, against the defendant French; that the latter appealed from said judgment to the Circuit Court, and in and by his appeal bond therein filed, it was provided that if he, said French, should prosecute his said appeal with effect, and pay plaintiffs, the Benjamin F. Tobin Estate, all costs, dam-

ages and loss by plaintiffs sustained, in case said judgment should be affirmed, then the obligation to be void; otherwise to remain in full force and effect.

The declaration further recites that upon plaintiffs' motion, the Circuit Court permitted all papers and proceedings in the case to be amended by changing the name of the plaintiff, the Benjamin F. Tobin Estate, to Mrs. C. O. Tobin, Grace L. Boggs, Arthur W. Tobin, Cornelia W. Tobin and Benjamin F. Tobin, as plaintiffs; that thereafter said court affirmed the judgment of the justice of the peace, and that the plaintiffs recovered judgment in said Circuit Court against said French for costs and possession of the premises; and states that "these plaintiffs allege the fact to be that the Benjamin F. Tobin Estate is the name, style and description under which Cornelia O. Tobin, Benjamin F. Tobin, Grace L. Boggs and A. W. Tobin were then doing business," and that the Benjamin F. Tobin Estate, and said last named persons "are one and the same;" that the condition of the appeal bond has been broken, and plaintiffs are entitled to recover.

The Superior Court sustained a demurrer to this declaration, and plaintiffs appeal.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellants.

WILLIAM E. FREER, attorney for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended for appellees, in the first place, that in consequence of the amendment stated in the declaration to have been made in the Circuit Court, changing the name of the plaintiff, and substituting for the "Benjamin F. Tobin Estate" the names of individuals alleged to have been doing business under that name, style and description, the plaintiffs who recovered in that suit ceased to be identical with the obligee in the bond, and that the judgment rendered

therein was not an affirmance of the judgment of the justice which was appealed from, and hence there is no liability upon the appeal bond.

It is expressly provided in the Practice Act (Rev. Stat., Chap. 110, Sec. 24) that amendments may be allowed introducing any party necessary to be joined as plaintiff or defendant, and that "the adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action." The language of that section is very broad, and whether the amendment in question was properly within its terms or not, the identity of the *action* after the amendment, with the suit in which the appeal was taken, can not now be disputed. The judgment in favor of plaintiffs in that suit was therefore an affirmance in the same action of the judgment appealed from.

It is contended that the plaintiffs, having been changed by the amendment, their identity with the obligee in the bond was lost. It is alleged in the declaration that "the Benjamin F. Tobin Estate," and the plaintiffs herein, "are one and the same parties," and that the plaintiffs "were at that time trading and doing business" under "the name, style and description" of the Benjamin F. Tobin Estate. If this is true, the change was merely nominal. That allegation of the declaration is admitted by the demurrer.

But it is urged that if the identity of the plaintiffs with the obligee in the bond can not be gathered from the face of the instrument, no pleading or parol evidence can be permitted to connect them.

The real question, however, is whether, according to the declaration, there is a record in the Circuit Court in the case appealed there from the justice, showing any disposition of that suit *between the parties named* in the bond, and hence a breach of its condition. Block v. Blum, 33 Ill. App. 643, 644.

The declaration avers that the writing obligatory sued upon "was and is subject to a certain condition thereunder written, whereby, after reciting to the effect that * * * *the plaintiffs, under the name, style and description of the Ben-*

*jamin F. Tobin Estate, recovered* against the said F. F. French in a certain action of forcible entry and detainer for the possession of certain premises," describing them. If the literal language of the recital in the condition of the bond is that the plaintiffs named in the declaration herein recovered under the name of the Benjamin F. Tobin Estate, there can be no doubt that the record in the Circuit Court, as set forth in the declaration, shows a disposition of the suit there between the parties named in the bond. Such is, however, substantially the averment of the declaration itself. Do the facts as alleged in the declaration justify this averment? In O'Connel v. Lamb, 63 Ill. App. 652, 654, the court says:

" It is attempted in the declaration, by averment, to substitute in the bond another and entirely different obligee. As a matter of fact that would depend on the truth of the averment, which is that the different designations of the obligee in the bond and declaration were intended to indicate one and the same party. * * * The averments in this declaration do not contradict the bond, nor propose the making of a new contract, but to identify the party for whose use the suit is brought with the obligee in the bond, * * * and so remove a doubt raised by matter *dehors* the bond. Appellee's counsel have not cited any case upon the question, and we are not prepared to hold, upon principle, that this is not such an ambiguity as may be met by averment and proof, even as against sureties."

Here there is no averment of a mistake in the bond, to be helped out by extrinsic evidence. The allegation is that the obligee in the bond and the plaintiffs are one and the same; that the plaintiffs *are* the obligee to whom the obligation directly runs. If this averment is proved by extrinsic evidence the liability upon the bond is not thereby extended. Principal and sureties are still bound " to the extent, in the manner and under the circumstances pointed out in the obligation, and no further." C. & A. R. R. Co. v. Higgins, 58 Ill. 128, 133.

If the averment is true the change in the name of the plaintiffs was not a substitution of other parties for the original plaintiffs, as was the case in Morse v. Goetz, 51 Ill.

App. 485, cited by appellees' counsel, and appellees were in no respect prejudiced thereby. The amended declaration, while perhaps in some respects informal, states, in our judgment, a good cause of action, and the Superior Court erred in sustaining the demurrers.

For the reasons indicated the judgment of that court is reversed and the cause remanded.