### George J. Haberer et al., Appellees, v. Karl F. O. Hansen, Appellant.

### Gen. No. 14,375.

1. SURETYSHIP—*what discharges appeal bond.* A surety upon an appeal bond given to review a judgment in favor of an individual is discharged if upon appeal after amendment duly made judgment is obtained by such individual jointly with another.

2. SURETYSHIP—*how conditions of appeal bond construed.* The conditions of appeal bonds are strictly construed; they are not extended by intendments nor aided by presumptions.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1908. Reversed. Opinion filed April 12, 1909.

WICKETT, MEIER & BOOTH, for appellant.

ALEXANDER COLLINS, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

One of the plaintiffs, Charles J. Delfosse, for the use of B. A. L. Thomson, instituted a suit before A.

C. Strayer, a justice of the peace, against Oscar Moller, and obtained a judgment against Moller in due course for $96.40. From this judgment Moller prosecuted an appeal to the Circuit Court and defendant signed with Moller as surety the appeal bond. After the Circuit Court acquired jurisdiction of the appeal, on motion of Delfosse the papers were all amended, making plaintiffs in the cause George J. Haberer and Charles J. Delfosse, partners, etc., as Haberer & Delfosse, for use of B. A. L. Thomson. On a trial of the appeal judgment was rendered in the cause as amended in favor of plaintiffs and against Moller for the same amount as the judgment appealed from. On the motion of plaintiffs, Haberer and Delfosse for use, etc., a *scire facias* was ordered to issue against defendant as surety upon the appeal bond in the appeal from the judgment of the justice of the peace, in which Delfosse for use of Thomson was the obligee. Defendant appeared and interposed a demurrer to the *scire facias,* which being overruled, he filed four pleas: first, *non est factum;* second, that defendant did not in the bond promise to pay plaintiffs the amount of any judgment which might be rendered in their favor; third, *nil debet;* and fourth, practically a reiteration in another form of the second plea.

The only evidence received and considered by the court was the appeal bond in which Oscar Moller and defendant are the obligors and Charles J. Delfosse, use of B. A. L. Thomson, the obligee. The penalty of the bond is $200, and in the condition thereof it is recited that Charles J. Delfosse, use of B. A. L. Thomson, did on the twelfth day of August, 1905, before A. C. Strayer, Esq., a justice of the peace for the county of Cook, recover a judgment against the "above bounden" Oscar Moller for $96.40, and costs of suit, from which Moller has taken an appeal to the Circuit Court. "Now if the said Oscar Moller shall prosecute his appeal with effect and shall pay whatever judgment may be rendered against him by the Court upon

the trial of said appeal, or   *   *   *   will pay the judgment rendered against him by said justice and all costs occasioned by said appeal,'' then the obligation to be void.

It is clear law, we think, that the surety upon a bond is not to be charged beyond the condition of his obligation. There is no room for presumptions in conflict with plain provisions. As it is denominated in the bond, so is the obligation of the surety to respond—no more and no less. There can be no cortracting of the liability nor expansion of it beyond the plain letter of the condition. The doctrine of *strictissimi juris* is the canon of construction governing the liability of sureties on bonds. Having these observations in mind, what does the record disclose? A judgment against Moller in favor of Delfosse on a liability presumably personal to Delfosse—something owing to him as an individual by Moller. From this judgment Moller appeals to the Circuit Court, and defendant becomes surety on Moller's bond to pay that judgment in that suit. That Delfosse had a right, or his usee, Thomson, for him, to interpose amendments in the Circuit Court and change the nature of the action and the parties to it, is not of the essence of our decision; nor is it necessary for us to decide whether such right of amendment is conferred by the ''Justice and Constable'' or the ''Practice'' Act. Whatever may be said as to such right, the condition of the bond remains the same, and the liability of the surety is circumscribed thereby. Can it be said that the judgment in the Circuit Court on the assumed obligation to the firm of Haberer & Delfosse is the same as the judgment before the justice of the peace in favor of the individual, Charles J. Delfosse. Can it be assumed, as matter of law, that the obligation to the firm is the same as the obligation to the individual? So to hold would be extending the doctrine of presumptions into the realm of remote conjecture and speculation and to uproot the safeguard of contract rights. The chang-

ing of the cause of action from a claim against Moller in favor of the individual, Delfosse, to a partnership claim against Moller of the firm of Haberer & Delfosse, was in effect the injecting of a new cause of action and the creation of a cause entirely of a distinct nature to that before the justice, in which a judgment was rendered and which defendant obligated himself to pay and satisfy on Moller's failure to do so.

Plaintiffs rely on Tobin v. French, 80 Ill. App. 47; but as we understand that case, it is in no way controlling of this. There the bond was given to the Benjamin F. Tobin Estate, and the names of the executors were afterwards, on appeal, interpolated. This was simply description and changed no existing right or obligation of either of the parties to the bond, while here a new cause of action was interpolated. The judgment in the justice court was in favor of an individual, but on appeal in the Circuit Court, judgment was rendered in favor of a partnership firm. The parties were new and the obligation of Moller was changed. He might be indebted to Delfosse, the individual, but not to the firm of Haberer & Delfosse, or *vice versa*. The surety on a bond in either case cannot be held to respond in the other, toward whom he has no contractual obligation. Liability is measured by the condition of the bond and cannot be extended beyond such condition.

The doctrine announced in Morse v. Goetz, 51 Ill. App. 485, we think is decisive of this cause. It is the same in principle and very nearly akin to it on the facts. In the Morse case the justice's judgment was in favor of one Lehman, and the appeal bond ran to him as obligee. In the Circuit Court the cause was amended by inserting Goetz as plaintiff for the use of Lehman, the plaintiff in the justice court and the obligee in the bond then in suit. The decision was based upon the theory and the fact that the surety entered into no obligation to Goetz; that his obligation was to Lehman, and that "there could be no breach

of the condition of the bond signed by Morse, without a judgment in the appeal suit in favor of Lehman.'' There is reason and logic, demonstrated by the facts in the case at bar, why the law should be as it is. Hansen, on being convinced that Moller's obligation was not to Delfosse, but to the firm of Haberer & Delfosse, might well have been willing to go surety on his appeal bond on a judgment in favor of Delfosse, knowing that it could not be sustained; while he would not have been willing to assume the obligation if the judgment had been in favor of the firm to whom the judgment in the Circuit Court proved him to be indebted.

The strictness with which the law construes conditions of a bond in favor of the surety, has an extreme illustration in Sharpe v. Bedell, 5 Gilm. 88, where the condition of the appeal bond was to pay whatever judgment should be rendered by the Circuit Court of Hancock county, and because a change of venue was taken to McDonough county, where a judgment in favor of the obligee was rendered, the Supreme Court held that ''no breach of the condition was shown.''

The undertaking of a surety is to be strictly construed, and he cannot be held liable beyond the precise terms of his undertaking. C. & A. v. Higgins, 58 Ill. 128; Ovington v. Smith, 78 *ibid.* 250.

The judgment of the Circuit Court is erroneous and is therefore reversed, and, as the right to recover is predicated upon the bond and the judgment, which together will not permit of a recovery, the cause is not remanded.

*Reversed.*